## Francis and Mamie Kirsch, Appellants, v. Prosper J. Soucy, Appellee.

### (Not to be reported in full.)

Appeal from the City Court of East St. Louis; the Hon. ROBERT H. FLANNIGAN, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed July 21, 1915.

### Statement of the Case.

Action by Prosper J. Soucy against Francis and Mamie Kirsch for rent. The appellee recovered judgment for one hundred and two dollars, the jury allowed the defendant thirty-six dollars by way of damages for nonrepair of the demised premises. The defendant appeals.

The evidence showed that prior to September, 1906, a house had been in possession of one Abbott; that his collectors of rent were Swarthouse and Whitney; that during the latter part of September the property passed into the control of the plaintiff under a trust deed and that it so continued until the present time; that the defendants occupied the property at the time it came into possession of Soucy, and they had paid rent to Abbott and to his collectors at the rate of thirty dollars per month. They continued to occupy the property without any new arrangement with Soucy

until January 4, 1907, when they moved out and surrendered the key to the latter.

It further appeared that a sewer was broken and that sewage rose into the yard and ran back into the cellar of the house; that Kirsch complained to Whitney (Abbott's collector) and Whitney said: ''I only collect the rent for myself until the money that Mr. Abbott owes me is paid.'' That Kirsch went to Soucy, thinking he was the owner, and told him of the condition, also of other conditions of the house, showing it to be in a bad state of repair, and Soucy told him he had nothing to do with the house except to collect rent, that he did not know who the owner was. Kirsch then made the necessary repairs at his own expense.

It was contended by the appellants that there was an agreement upon the part of the landlord Abbott to keep the house in repair; and also that when they went to surrender the key that Soucy agreed, on account of the damage done, to release the rent then owing by appellants. This, however, was denied by Mr. Soucy.

EDGAR P. HOLLY, for appellants.

W. L. COLEY, for appellee.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

## Abstract of the Decision.

1. COMPROMISE AND SETTLEMENT, § 16*—*when finding of absence of compromise sustained by evidence.* A finding that a claim for rent and a tenant's damages for nonrepair of demised premises had not been compromised, *held* proper under conflicting evidence.

2. LANDLORD AND TENANT, § 375a*—*instruction as to duty to make repairs.* An instruction in an action to recover rent by one holding property under a trust deed, that the plaintiff could recover

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

unless he had agreed to make repairs, *held* not prejudicial to the defendant, where the jury was further instructed that if the latter rented property from the grantor in such deed, under an agreement by the latter to keep the property in repair, that such agreement was binding on the plaintiff.

3. LANDLORD AND TENANT, § 325a*—*instruction as compromise of claim for rent.* An instruction in an action for rent, as to a compromise of the tenant's claim for damage for nonrepair, *held* not prejudicial where the jury found against such claim.

4. TRIAL, § 45*—*calling attention of jury to inconsistency of general verdict and special findings.* A statement made by the trial judge to the jury that: "There seems to be a variance between the special finding and general verdict; they are not consistent. Are you satisfied with this verdict? If not, you may retire with the officer to your room to further consider the same," *held* not to call attention to any particular finding.